UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SALMAN ALI,

          Plaintiff,

                               Case No. 21-CV-12365

vs.

                               HON. GEORGE CARAM STEEH

UNITED STATES DEPARTMENT
OF HEALTH AND HUMAN
SERVICES,

          Defendant.

_____/

ORDER DENYING PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT (ECF Nos. 16 and 17) AND GRANTING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF No. 18)

Plaintiff Salman Ali, proceeding pro se, comes before the Court

seeking judicial review of a final decision by Defendant Secretary of the

United States Department of Health and Human Services ("Secretary") to

exclude him from participating in Medicare, Medicaid, and all federal health

care programs for a period of twenty years due to his conviction for health

care fraud conspiracy. The matter is presently before the Court on cross

motions for summary judgment. The motions have been fully briefed and

upon careful review of the written submissions, the Court deems it

appropriate to render its decision without a hearing pursuant to Local Rule

7.1(f)(2). For the reasons set forth below, Plaintiff's motion for summary

judgment (ECF Nos. 16 and 17) is DENIED and Defendant's motion for

summary judgment (ECF No. 18) is GRANTED.

FACTUAL BACKGROUND

Plaintiff and his wife, Roohi Ali, were licensed physical therapists who

controlled and operated Universal Homecare, Inc., Abacus Home Health

Care, Inc., and Orchard Home Health Care, Inc. (collectively, "Ali

Companies"). The Ali Companies were home health agencies that

purported to provide home health services to Medicare beneficiaries. On

May 14, 2013, the government filed a criminal information in this Court

charging Plaintiff with one count of health care fraud conspiracy in violation

of 18 U.S.C. § 1349. *United States v. Salman Ali*, No. 13-cr-20365 (E.D.

Mich.) (Steeh, J.). On October 15, 2013, Plaintiff pled guilty.

As part of his guilty plea, Plaintiff admitted that from approximately

October 2005 to March 2013, he and his wife, as owners of the Ali

Companies, conspired with others to defraud the Medicare program

through the submission of false claims for home health services that were

medically unnecessary, were not provided at all, or resulted from the

payment of kickbacks to beneficiary recruiters and physicians. In pleading guilty, Plaintiff admitted that he individually caused the Medicare program to pay $12,089,078.28 in false and fraudulent claims.

On January 16, 2020, the Court accepted Plaintiff's guilty plea and entered judgment against him. Plaintiff was ordered to pay $12,089,078.28 in restitution to the Medicare Trust Fund and was sentenced to 32 months of incarceration. During sentencing, after the Court's entry of a Preliminary Order of Forfeiture, the parties agreed to remove joint and several liability and reduced Plaintiff's forfeiture money judgment to $6,318,068.18 to account for the money judgment amount attributed to his wife. The government further agreed to credit Plaintiff and his wife for the value of certain assets previously forfeited to the government. The Court entered an amended forfeiture money judgment against Plaintiff in the amount of $5,391,436.18.

By letter dated July 31, 2020, the Inspector General notified Plaintiff that he was being excluded from participation in Medicare, Medicaid, and all federal health care programs pursuant to § 1128(a)(1) of the Act. The Inspector General based Plaintiff's exclusion on his conviction of a criminal offense related to the delivery of an item or service under the Medicare or a

State health care program. The Inspector General notified Plaintiff that his

exclusion would take effect 20 days from the date of the exclusion notice.

The Inspector General also informed Plaintiff that she was extending the

minimum exclusion period of five years required under § 1128(c)(3)(B) of

the Act based on the application of three aggravating factors. Specifically,

the Inspector General extended Plaintiff's exclusion to a twenty-year

term based on: (1) financial loss to a government program of $50,000 or

more, as the Court ordered Plaintiff to pay approximately $12,089,000 in

restitution; (2) the duration of Plaintiff's criminal activity from October 2005

to March 2013 (i.e., one year or more); and (3) Plaintiff's sentence included

incarceration, as Plaintiff was sentenced to 32 months of incarceration. The

Inspector General stated that she considered one mitigating factor in

determining Plaintiff's period of exclusion: Plaintiff's cooperation with

government officials.

Plaintiff timely requested a hearing before an Administrative Law

Judge ("ALJ"). ALJ Bill Thomas issued a decision upholding the

Investigator General's determination to exclude Plaintiff for a period of

twenty years. ALJ Thomas found that Plaintiff's twenty-year exclusion term

was not unreasonable in weighing the sole mitigating factor of cooperation

against the three substantial aggravating factors. ALJ Thomas recognized that Plaintiff's cooperation, although significant, "occurred after more than seven long years of criminal conduct that caused over $12 million in loss to the Medicare program, and warranted, in the view of the District Court, a significant sentence of incarceration despite that cooperation." AR 7. ALJ Thomas also pointed out that Plaintiff "made no effort to cease his criminal conduct or assist the government until he came to believe the government was in the process of investigating him." AR 7. ALJ Thomas concluded that the Inspector General's imposition of a twenty-year exclusion period for Plaintiff was not unreasonable.

On May 4, 2021, Plaintiff appealed the ALJ's decision to the Appellate Division of the Departmental Appeals Board ("DAB"). Plaintiff did not dispute the fact of his conviction for conspiracy to commit health care fraud but contested the reasonableness of his exclusion term. For the first time, Plaintiff argued that the Inspector General and ALJ erroneously stated the amount of his restitution for purposes of weighing the aggravating factor at 42 C.F.R. § 1001.102(b)(1), arguing that they should have relied on his amended forfeiture amount.

On August 30, 2021, the DAB affirmed the ALJ's decisions upholding Plaintiff's exclusion, concluding that the decision was supported by substantial evidence and was free of legal error. The DAB rejected Plaintiff's arguments that the Inspector General and ALJ should have relied on his amended forfeiture amount of $5,391,436.18 rather than the total amount of restitution ordered by the Court, $12,089,078.28, in applying the financial loss aggravating factor. AR 23. The DAB observed that Plaintiff failed to raise this issue before the ALJ, and the DAB "will not consider . . . any issue in the briefs that could have been raised before the ALJ but was not." AR 23 (citing 42 C.F.R. § 1005.21(e)). Even considering the merits of Plaintiff's argument, the DAB found no error as to the ALJ's application of the aggravating factor at § 1001.102(b)(1), which provides that "[t]he entire amount of financial loss to such government agencies or programs . . . will be considered regardless of whether full or partial restitution has been made." AR 24. In pleading guilty, Plaintiff conceded that he and his co-conspirators "submitted claims to and received from the Medicare program over $15 million," and of that amount, Plaintiff "caused to be paid $12,089,078.28 in false and fraudulent claims." AR 24. Thus, notwithstanding the fact that Plaintiff's forfeiture amount was reduced, the

DAB found that Plaintiff's plea agreement made clear that his conduct resulted in a financial loss to Medicare in the amount of $12,089,078.28. Accordingly, the DAB concluded that neither the Inspector General nor ALJ erred in relying on that amount for purposes of weighing the aggravating factor at § 1001.102(b)(1).

Finally, the DAB rejected Plaintiff's argument that his exclusion should be reduced to account for the period that the conditions of his pretrial release, which prohibited him from billing Medicare, Medicaid, and all Federal health care programs, were in effect. The DAB found that compliance with a court's order not to participate in federal healthcare programs, imposed before the Inspector General reached her exclusion determinations, is not a cognizable mitigating factor and therefore cannot serve as a basis to reduce a period of exclusion. Moreover, the DAB has repeatedly stated that the effective date of an Inspector General exclusion "is determined by regulation and may not be adjusted at the discretion of an ALJ or the DAB." AR 26.

Plaintiff filed this lawsuit seeking review of the Secretary's final decision.

<u>STANDARD FOR SUMMARY JUDGMENT</u>

This action for judicial review of the Inspector General's final decision arises pursuant to the Social Security Act, specifically 42 U.S.C. § 405(g). *See* 42 U.S.C. § 1320a-7(f) (stating that the appeal procedures in § 405(g) apply to challenges brought by individuals excluded from federal health care programs); *Marshall v. Sec'y of Dep't of Health & Hum. Servs.*, No. 3:17-CV-1382 (AWT), 2019 WL 2895668, at *3 (D. Conn. Mar. 11, 2019) ("The decision to exclude a medical practitioner from participation in federal health care programs is reviewed under the same standard as a decision involving Social Security benefits."). In cases arising under § 405(g) of the Act, the Court has jurisdiction to review the administrative record and applicable law and shall affirm the decision if it is supported by substantial evidence and is in accordance with the law. 42 U.S.C. § 405(g); *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). The Court shall defer to the Secretary's reasonable interpretation of the statute she administers. *Sullivan v. Everhart*, 494 U.S. 83, 88-89 (1990).

ANALYSIS

I.      Statutory and Regulatory Framework

The Social Security Act authorizes the Inspector General to exclude certain individuals and entities from participation in federal health care programs, including Medicare and Medicaid. 2 U.S.C. § 1320a-7. The Act mandates the exclusion from participation in any federal health care programs of individuals convicted of a criminal offense falling under one or more of four specified categories for a minimum of five years. 42 U.S.C. §§ 1320a-7(a), 1320a-7(c)(3)(B); 42 C.F.R. § 1001.102(a). Under § 1128(a)(1) of the Act, the Inspector General is required to exclude from participating in Federal health care programs, any individual who "has been convicted of a criminal offense related to the delivery of an item or service" under Medicare or any State Medicaid program. 42 U.S.C. § 1320a-7(a)(1); 42 C.F.R. § 1001.101(a). For purposes of mandatory exclusion, an individual is convicted when a judgment of conviction has been entered against the individual by a Federal, State, or local court, or when a plea of guilty or nolo contendere by the individual or entity has been accepted by a Federal, State, or local court. 42 U.S.C. § 1320a-7(i)(1), (3); 42 C.F.R. § 1001.2. The regulations provide that an exclusion takes effect twenty days after the

date of the Inspector General's notice of exclusion. See 42 C.F.R. §

1001.2002(b).

An exclusion under § 1128(a)(1) has a mandatory minimum duration

of five years. 42 U.S.C. § 1320a-7(c)(3)(B); 42 C.F.R. § 1001.102(a).

However, certain aggravating factors may be considered to lengthen the

mandatory minimum period. 42 C.F.R. § 1001.102(b). Among those factors

are: (1) the acts resulting in the conviction, or similar acts, caused, or were

intended to cause, a financial loss to a government agency or program, or

to one or more entities, of $50,000 or more; (2) the acts that resulted in the

conviction, or similar acts, were committed over a period of one year or

more; and (3) the sentence imposed by the court included incarceration. 42

C.F.R. § 1001.102(b)(1), (2 ), (5). The Inspector General must establish the

presence of any aggravating factors based upon a preponderance of the

evidence. 42 C.F.R. § 1005.15(d).

If one or more aggravating factors justify an exclusion longer than five

years, then mitigating factors specified in the regulations may be

considered as a possible bases to reduce the exclusion period. 42 C.F.R. §

1001.102(c). The excluded individual bears the burden to establish the

presence of any mitigating factor. *See* 42 C.F.R. 1005.15(b)(1). An ALJ

- 10 -

reviews the length of an exclusion to determine whether it falls within a "reasonable range" considering the applicable aggravating and mitigating factors. *See* 42 C.F.R. §§ 1001.102(b), (c); 57 Fed. Reg. 3298, 3315 (Jan. 29, 1992).

An excluded individual may appeal an exclusion decision by filing a request for a hearing before an ALJ. 42 U.S.C. § 1320a-7 (f)(1); 42 C.F.R. § 1005.2(a). An excluded individual may request a hearing before an ALJ only on two issues: whether the Inspector General has a basis for the imposition of exclusion and whether the length of the exclusion is unreasonable. 42 C.F.R. § 1001.2007(a)(1).

Any party may appeal the ALJ's decision to the Appellate Division of the DAB. 42 C.F.R. § 1005.21. On appeal, the DAB will not consider any issue not raised in the parties' briefs, nor any issue in the briefs that could have been raised before the ALJ but was not. 42 C.F.R. § 1005.21(e). The standard of review on a disputed issue of fact is whether the initial decision is supported by substantial evidence on the whole record. 42 C.F.R. § 1005.21(h). The standard of review on a disputed issue of law is whether the initial decision is erroneous. *Id.* The Appellate Division's decision constitutes the final decision of the Secretary. 42 C.F.R. 1005.21(j).

Thereafter, a petitioner may obtain judicial review by a federal court. *See* 42 C.F.R. 1005.21(k); 42 U.S.C. § 1320a-7(f)(1).

II.   Amended Forfeiture Amount

Plaintiff argues that his twenty-year exclusion should be reduced to account for the Court's entry of an amended judgment in his underlying criminal proceedings, which reduced Plaintiff's forfeiture amount from $12,089,078.28 to $5,391,436.18. Plaintiff failed to raise this issue in his appeal to the ALJ. In rejecting the argument, the DAB properly relied upon 42 C.F.R. § 1005.21(e), which provides that "[t]he DAB will not consider any issue not raised in the parties' briefs, nor any issue in the briefs that could have been raised before the ALJ but was not."

Even considering the merits of Plaintiff's argument, the Inspector General properly relied upon the total amount of restitution ordered in Plaintiff's underlying criminal case in analyzing the aggravating factor of § 1001.102(b)(1). See 42 C.F.R. § 1001.102(b)(1) ("The entire amount of financial loss to such government agencies or programs . . . will be considered regardless of whether full or partial restitution has been made."). Although Plaintiff's forfeiture amount was ultimately reduced, as part of his guilty plea Plaintiff conceded that his conduct resulted in more

than $12 million in financial loss to Medicare. AR 441. Therefore, the
Inspector General properly relied on that amount in weighing the financial
loss aggravating factor. Furthermore, the reduced forfeiture amount of over
$6 million[1] is far above the $50,000 amount required to trigger the
aggravating factor.

III.    <u>Pretrial Release Conditions</u>

Plaintiff's next argument is that his twenty-year exclusion should be
reduced to account for the fact that he stopped billing federal health care
programs on October 15, 2013, as a condition of his pretrial release.
Plaintiff argues that he should be given credit for those eight years toward
the twenty-year exclusion. However, the Inspector General's exclusion
notice is dated July 31, 2020, and, by operation of applicable regulation,
Plaintiff's exclusion became effective twenty days from the date of the
notice, or on August 20, 2020. *See* 42 C.F.R. § 1001.2002(b). The
regulation does not provide for a different or retroactive start date. *See*
*Ahab Elmadhoun*, DAB No. CR4710, slip op. at *10 (H.H.S. Sept. 22,
2016).

---

[1] The reduced judgment amount against Plaintiff is $6,318,068.18 after joint
and several liability was removed. Credit for previously forfeited assets, or
partial restitution, is not considered under 42 C.F.R. § 1001.102(b)(1).

Where the Inspector General extends an exclusion period based on the application of one or more aggravating factors, the Inspector General may consider only three mitigating factors to reduce the length of the exclusion to no less than the mandatory minimum of five years. 42 C.F.R. § 1001.102(c). Plaintiff's abidance by the conditions of his pretrial release, prohibiting him from billing federal health care programs, is not a mitigating factor that may be considered.

IV.  Co-Conspirators

Plaintiff's final argument is that his twenty-year exclusion should be reduced because many of his co-conspirators were not criminally indicted, still have their licenses, and continue to bill federal health care programs. This argument is raised for the first time before this Court and the regulations prohibit review of an issue not properly raised before the ALJ. 42 C.R.C. § 1005.21(e).

The Court does note that the fact that Plaintiff's co-conspirators were not indicted is a relevant distinction. Plaintiff was convicted of health care fraud conspiracy under circumstances wherein the Inspector General was mandated by statute to exclude Plaintiff. Plaintiff's co-conspirators were not indicted or convicted of a criminal offense that would lead to exclusion.

- 14 -

<u>CONCLUSION</u>

The Court finds that Secretary's determination is supported by substantial evidence and is in accordance with the law. Now, therefore,

IT IS HEREBY ORDERED that Plaintiff's motion for summary judgment (ECF Nos. 16 and 17) is DENIED.

IT IS HEREBY FURTHER ORDERED that Defendant's motion for summary judgment (ECF No. 18) is GRANTED.

Dated:  August 4, 2022

<u>s/George Caram Steeh</u>
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on August 4, 2022, by electronic and/or ordinary mail and also on Salman Ali #49209-039, Morgantown Federal Correctional Institution, Inmate Mail/Parcels, P.O. Box 1000, Morgantown, WV 26507.

<u>s/Brianna Sauve</u>
Deputy Clerk